UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESIS SHELLOCK,<br><br>    Petitioner,<br><br>    v.<br><br>M. D. BITER, Warden,<br><br>    Respondent.<br>_____/ | No. C 12-5121 SI (pr)<br><br>**ORDER DENYING MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE** |

## INTRODUCTION

Genesis Shellock, an inmate at the Kern Valley State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the ground of untimeliness, which Shellock has opposed. For the reasons discussed below, the court concludes that the action is not time-barred, and sets a briefing schedule for the merits of the claims.

## BACKGROUND

Following entry of a plea of nolo contendere, Shellock was convicted in the Santa Clara County Superior Court of receiving a stolen vehicle by someone who has a prior theft conviction and transportation of methamphetamine. *See* Cal. Penal Code §§ 496d, 666.5; Cal. Health & Saf. Code § 11379(a). He admitted having suffered two prior strike convictions, and the court found true an allegation of a third strike conviction. The court sentenced Shellock to 25 years to life in prison.

He appealed. The California Court of Appeal affirmed the judgment of conviction on June 29, 2007. The California Supreme Court denied Shellock's petition for review on September 12, 2007.

Shellock also filed several habeas petitions in state court, some of which were pending during overlapping time periods.

<u>Case No. H030924</u>: Shellock filed a petition for writ of habeas corpus in the California Court of Appeal on November 29, 2006 (i.e., Case No. H030924). The appellate court issued an order to show cause on June 29, 2007, returnable in the Santa Clara County Superior Court. On February 25, 2009, the Santa Clara County Superior Court denied the habeas petition.

<u>Case No. H034283</u>: Shellock filed another petition for writ of habeas corpus in the California Court of Appeal on June 1, 2009 (i.e., Case No. H034283). The petition was denied on May 26, 2011.[1]

<u>Case No. S194560</u>: On July 6, 2011, Shellock filed a petition for writ of habeas corpus in the California Supreme Court (i.e., Case No. S194560). That petition was denied on September 14, 2011.

Shellock then filed this action, seeking a writ of habeas corpus. The federal petition has a signature date of September 12, 2012, came to the court in an envelope without a readable postmark, was stamped "received" at the court on September 26, 2012, and was stamped "filed" at the court on October 2, 2012. Respondent concedes that Shellock gave his petition to prison

---

[1] Shellock also had a petition pending in the California Court of Appeals from April 11 - 15, 2011 (i.e., Case No. H036773). It is not clear whether this petition pertained to his current conviction, but it does not matter because the limitations period was already being tolled by the petition in Case No. H034283 for the four days during which the petition in Case No. H036773 was pending.

Shellock also had a petition pending in the California Supreme Court from May 22, 2009 though November 10, 2009 (i.e., Case No. S173173). It is not clear whether this petition pertained to his current conviction. In light of the court's determination that Shellock is entitled to tolling during the period between the denial of a habeas petition on February 25, 2009 in the superior court and the filing of a habeas petition on June 1, 2009 in the appellate court, the court need not decide the effect of this petition.

officials for mailing on September 13, 2012. Due to Shellock's status as a prisoner proceeding *pro se*, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court rather than the day the document reaches the courthouse. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present motion, the federal petition is deemed filed as of September 13, 2012.

## DISCUSSION

A.  The Petition Is Not Time-Barred

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period started on December 11, 2007, 90 days after the California Supreme Court denied Shellock's petition for review on September 12, 2007. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so).

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket of some court, but also for the time period between state habeas petitions if the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'"

3

*Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

Here, the limitations period that started on December 11, 2007 was immediately tolled due to the pendency of a petition for writ of habeas corpus that had been filed on November 29, 2006 (i.e, Case No. H030924), while the appeal was pending. The tolling for that petition continued until February 25, 2009, when the petition was denied by the superior court (where the case had been sent by the court of appeal).

The critical question in this case is whether Shellock receives tolling for the 96-day period between the denial of the petition on February 25, 2009, and the filing of his next habeas petition on June 1, 2009 (i.e., Case No. H034283).[2] As noted above, he can receive gap-tolling for those 96 days if the later habeas petition was filed at a higher level court within what the state court would consider a reasonable time. *See Evans*, 546 U.S. at 197-98. Shellock has submitted a declaration from attorney Tutti Hacking, who represented him in some of his state habeas petitions. Attorney Hacking declared that, in about mid-March 2009, the Sixth District Appellate Program requested that she prepare a "successor" petition for writ of habeas corpus in Shellock's case after the superior court denied his first habeas petition (for which she had not been his attorney). *See* Docket # 9-1, p. 1. At the time, attorney Hacking was experiencing an abrupt and significant family medical crisis that apparently required daily caregiving by her; her family had moved to a remote location in Siskiyou County; and she had other cases with deadlines. *See id.* at 1-2. After being requested to provide representation on the "successor" petition, attorney Hacking received a packet of materials from the earlier habeas proceedings on an unstated date, more materials in April 2009, and about 500 pages more of materials on or about April 29, 2009. *See id.* at 2-3. Then she took the materials to a copy store – about an hour's drive from her home office – on April 30, 2009 and May 21, 2009 for photocopying before she filed the "successor" petition. When she finally did file the "successor" petition, she apparently submitted the same declaration explaining the unexpected medical problems, and the

---

[2]As noted in footnote 1, there was another habeas petition filed on May 22, 2009, which would have made it a gap of 86 days rather than 92 days if that petition pertained to the current conviction.

4

1 research and drafting delays she had encountered. *See id.* at 1 ("I have worked on the
2 accompanying petition in earnest"). The California Court of Appeal considered the "successor"
3 petition, issued an order to show cause on it, and eventually denied it on May 26, 2011.
4 *See* Resp. Ex. 7. Unlike the vast majority of habeas petitions filed in the California appellate
5 courts, this one did not receive a summary denial; the California Court of Appeal's opinion was
6 29 pages long, reached the merits, and imposed no procedural bar. This case thus is similar to
7 *Maxwell v. Roe*, 628 F.3d 486, 496-97 (9th Cir. 2010), in several ways. First, the fact that the
8 state court considered the petition on the merits "at least suggest[ed] it considered the petition
9 timely." *Id.* at 496. Second, counsel's unexpected family medical emergency, in combination
10 with the apparently substantial record she needed to review, provided a "compelling
11 justification" for the 96-day delay in filing the "successor" state petition. The record here,
12 although doubtless far smaller than that in *Maxwell*, had an involved set of facts about the plea
13 considerations – including tape recorded phone calls showing what Shellock was telling other
14 people about his plea and other thoughts, statements from retained counsel about his discussions
15 with the client about the plea proceedings and his special Three-Strikes sentencing concerns, and
16 court transcripts of the proceedings. *See id.* (complexity of record provided compelling
17 justification for the 14-month delay in presenting second state petition). Because the delay in
18 filing the "successor" petition is explained and justified, Shellock is entitled to tolling during the
19 gap between the February 25, 2009 denial by the superior court and the filing of the next habeas
20 petition on June 1, 2009, in the California Court of Appeal.

21 Shellock also is entitled to statutory tolling for the time during which the "successor"
22 petition was actually open on the California Court of Appeal's docket, from its filing on June 1,
23 2009 until its denial on May 26, 2011. Additionally, Shellock is entitled to statutory tolling for
24 his next habeas petition, filed in the California Supreme Court only 41 days later. He is entitled
25 to statutory tolling both for the reasonably short 41-day gap between the denial of the
26 "successor" petition and the filing of the petition in the California Supreme Court, as well as for
27 the time that petition (No. S194560) was on file until it was denied on September 14, 2011. To
28

1  summarize: the statutory tolling began as soon as the limitations period began, and continued
2  until September 14, 2011.
3     Shellock's federal petition was deemed filed on September 13, 2012, one day before the
4  one-year limitations period would have expired. The petition therefore is not barred by the
5  habeas statute of limitations. Respondent's motion to dismiss is DENIED. (Docket # 4.)

7  B.    Review of Petition
8     Having determined that the petition is not untimely, the court now determines which, if
9  any, of the claims in the petition warrant a response. This court may entertain a petition for writ
10 of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only
11 on the ground that he is in custody in violation of the Constitution or laws or treaties of the
12 United States." 28 U.S.C. § 2254(a).
13    The petition alleges the following claims: (1) trial counsel provided ineffective assistance
14 in that he provided erroneous advice regarding the availability of a motion under California
15 Penal Code § 995, and failed to fully advise Shellock of the risks of entering a nolo contendere
16 plea as well as the likelihood of obtaining relief under *Romero*, and (2) counsel engaged in
17 ineffective assistance "causing actual conflict of interest" when he advised Shellock against
18 making a motion to withdraw his nolo contendere plea. Docket # 1, p. 6. Liberally construed,
19 the claims appear to be cognizable in a habeas proceeding and warrant a response. *See Hill v.*
20 *Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Cuyler*
21 *v. Sullivan*, 446 U.S. 335, 346-48 (1980).

**CONCLUSION**

23    For the foregoing reasons,
24    1.    Respondent's motion to dismiss is DENIED. (Docket # 4.)
25    2.    The petition states cognizable claims for habeas relief and warrants a response.
26    3.    Respondent must file and serve upon petitioner, on or before **October 4, 2013**, an
27 answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **November 1, 2013**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Petitioner also must include the case name and case number for this case on any document he submits to this court for consideration in this case. Petitioner also must send to respondent's counsel a copy of any document he files in this case.

IT IS SO ORDERED.

DATED: July 31, 2013

SUSAN ILLSTON
United States District Judge