UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENESIS SHELLOCK, | No. C 12-5121 SI (pr) |
| Petitioner, | **ORDER FOR STATUS REPORT** |
| v. | |
| M. D. BITER, Warden, | |
| Respondent. | |

    Genesis Shellock, then an inmate at the Kern Valley State Prison, filed this *pro se* action in 2012 to challenge his 2005 conviction upon a nolo contendere plea of receiving a stolen vehicle by someone who has a prior theft conviction and transportation of methamphetamine, with a finding that he had suffered three prior strike convictions. He was sentenced to 25 years to life in prison in 2005, but is no longer in prison. Mail sent to petitioner came back to the court undelivered; upon inquiry, court staff learned from his former public defender that petitioner is no longer in prison and apparently has moved to Oregon.

    The court is concerned that there may have been some further proceeding in state court that has affected petitioner's convictions and/or sentence. Although a petitioner's habeas challenge to a criminal conviction generally does not become moot upon his release from custody upon completion of his sentence, *see Spencer v. Kemna*, 523 U.S. 1, 7 (1998), a change in the nature of petitioner's conviction or sentence may have implications for the continuing viability of his legal claims that he received ineffective assistance of counsel in connection with his nolo contendere plea. Some or all of his ineffective assistance of counsel claims may no

longer be live disputes if his conviction or sentence has been, for example, vacated. Also, petitioner may no longer want the remedy available in a habeas action if the conviction or sentence has been vacated.

Accordingly, Respondent must make inquiries about the reason for petitioner's release from prison and file a status report no later than **April 4, 2014**, answering these questions: (1) have any of petitioner's convictions been vacated or modified? (2) has petitioner's sentence been changed and, if so, what is his current sentence? Petitioner also should state in that status report if he is of the view that petitioner's release from prison renders the petition, or any part of it, moot.

Petitioner is reminded that Local Rule 3-11 requires him to keep the court apprised of his current address. The court may dismiss the action without prejudice if he does not promptly provide a current address for the court's records.

IT IS SO ORDERED.

DATED: February 26, 2014

———————————————
SUSAN ILLSTON
United States District Judge